THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



𝓐𝓵𝓵 H-975

April 16, 1976

The Honorable Arthur C. Eads
County Attorney
Bell County
P. O. Box 474
Belton, Texas    76513

Opinion No. H-809

Re:  Payment of supple-
mental salary to county
auditors pursuant to
article 1672, V.T.C.S.,
in counties having five
or more improvement
districts.

Dear Mr. Eads:

You have asked two questions relating to article 1672,
V.T.C.S.  The statute reads:

> The county auditor shall receive <u>for</u>
> <u>his services in auditing the affairs of</u>
> <u>such districts</u>, such compensation as the
> commissioners court may prescribe, which
> shall be paid by the county out of the
> general fund and repaid to the county by
> such districts by warrants drawn upon the
> proper funds of such district.  In such
> counties which have or may have as many
> as five such districts, <u>the compensation</u>
> <u>allowed the county auditor for his services</u>
> <u>on behalf of such districts shall be not</u>
> <u>less than the sum of twelve hundred dollars</u>
> <u>per annum</u>, to be prorated among the districts
> in such proportion as the commissioners court
> may determine.  (Emphasis added).

Your questions are:

       1.  What 'districts' are covered by article 1672?

       2.  Is the county auditor entitled to receive the minimum [twelve hundred dollars per annum] specified in Article 1672 if the county auditor does not actually perform any services for the districts?

Your first question is answered by article 1667, V.T.C.S., reading in pertinent part:

> In all counties which have. . .a County Auditor and containing a population of one hundred ten thousand (110,000) or more, as shown by the preceding Federal Census. . . and in which counties there exists . . . any improvement, navigation, drainage, or road or irrigation district, or any other character of district having for its purpose the expenditure of public funds for improvement purposes, or for improvements of any kind whether derived from the issuance of bonds or through any character of special assessment, the County Auditor shall exercise such control over the finances of said district as hereinafter provided.

Bell County, according to the 1970 Federal Census, contained a population in excess of 110,000. Therefore, all special districts in Bell County having as their purpose the expenditure of public funds for public improvements are covered by article 1672.

Your second question concerns the compensation to be received by the county auditor. It is important to note that the rendition of services is required by law and is not dependent on any contract between the auditor and the districts or between the commissioners court and the districts. The county auditor is a public officer, and services are to be performed by him as additional duties of his office imposed

by law. He is not relieved of the obligation or power to perform them even though the districts might object or though other auditors might be employed by the districts. Skelton v. Cameron County Water Control & Improvement Dist. No. 5, 49 S.W.2d 510 (Tex. Civ. App. -- San Antonio 1932, writ dism'd.); Attorney General Opinions C-278 (1964), WW-1200 (1961). See also American Indemnity Co. v. Red River Nat. Bank in Clarkesville, 132 S.W.2d 473, 480 (Tex. Civ. App. -- Texarkana 1939, writ dism'd jdgmt. cor.); Attorney General Opinions C-535 (1965), C-359 (1964), V-859 (1949); Attorney Letter Advisory No. 63 (1973).

The duties of the county auditor of Bell County, with respect to such districts are fixed by articles 1668, 1669, and 1671.

If a county auditor has engaged in official misconduct or is incompetent to discharge his duty, he may be removed under the provisions of law. V.T.C.S. art. 1676. But as a public officer, a county auditor whose statutory duties include services for as many as five districts is entitled to receive at least twelve hundred dollars additional compensation as his official salary. It is not within the discretion of the commissioners court to reduce that minimum statutory salary, whether or not the commissioners court believes the duties have been adequately discharged. Attorney General Opinions C-531 (1965), V-1522 (1952). In 47 Tex.Jur.2d, Public Officers, § 163, at 208 it is said:

> The salary or emoluments are incident
> to the title to the office and not to
> its occupation or the performance of
> official duties. In order to recover
> the amount, the officer is not required
> to show that he has discharged the
> duties of the office, nor is he precluded
> from recovering by the fact that he has been
> wrongfully deprived of the right to perform
> the services or that another person has per-
> formed them.

Assuming there are as many as five such districts in Bell County, we answer your second question in the affirmative.

### S U M M A R Y

Counties subject to the provisions of article 1672, V.T.C.S., and in which there are as many as five special districts having as their purpose the expenditure of public funds for public improvements are required by the statute to pay at least $1200 additional compensation annually to the county auditor for services he is required by law to render in connection with such districts. Although a county auditor who has engaged in official misconduct or is incompetent to discharge such duties may be removed, it is not within the discretion of the commissioners court to refuse payment of the statutory minimum to a county auditor in office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb